UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-07206-AB-BFM | Date: | October 21, 2024 |
|---|---|---|---|

| Title: | *Alexander, Winton & Associates, Inc. v. Niagara Bottling, LLC et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

    Plaintiff Alexander, Winton & Associates, Inc. ("Plaintiff") filed this action in state court. Defendant Niagara Bottling ("Defendant") removed the action, invoking diversity jurisdiction. The Court has diversity jurisdiction where the matter in controversy exceeds the value of $75,000, and is between citizens of different states. *See* 28 U.S.C. § 1332(a). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Defendant's Notice of Removal lacks the allegations necessary to establish its own citizenship.

    Defendant alleges citizenship as its state of incorporation and its principal place of business, as if it is a corporation. *See* Notice of Removal ¶ 11. But Defendant is an LLC. The citizenship of a partnership or other unincorporated entity is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). To allege

the citizenship of an LLC, "a party must list citizenship of all the members of the limited liability company . . . " *Rolling Greens MHP, L.P.v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). And if an LLC's member have members, the jurisdictional statement must allege the citizenship of the members' members, and so on. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). Defendant's allegations are insufficient to establish its own citizenship.

Defendant is **ORDERED TO SHOW CAUSE** why this action should not be remanded for lack of subject matter jurisdiction. Defendant may respond by filing an Amended Notice of Removal that properly alleges its own citizenship using the correct standard.

An Amended Notice of Removal must be filed **by November 4, 2024**. If no response is filed, the action may be remanded without further notice for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.